UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN ELIGA EAGLE,<br><br>Defendant. | 1:23-CR-10019-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Defendant was charged with three counts of aggravated sexual abuse of a child and abusive sexual contact of a child. The aggravated sexual abuse charges carry a 30 year mandatory minimum sentence. Pursuant to a plea offer from the government, defendant pleaded guilty to abusive sexual contact of a child by force and was sentenced on May 20, 2024, to 120 months imprisonment. Based upon a total offense level of 40 and a criminal history category of I, defendant's guideline sentencing range was 292 – 365 months but was capped by the statutory maximum penalty of ten years. The Bureau of Prisons ("BOP") has calculated his release date as May 7, 2032. https://www.bop.gov/inmateloc/, last visited February 25, 2026.

Defendant filed a motion for compassionate release under the First Step Act. The Public Defender has filed a notice of intent not to supplement the motion. The government opposes the motion.

## DECISION

Once a federal criminal sentence is imposed, it may be modified only as authorized in 18 U.S.C. 3582(c). One such authorized modification of a sentence is a reduction pursuant to 18 U.S.C. 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Those provisions are known as the compassionate release provisions of the United States Code and the Federal Sentencing Guidelines.

The district court cannot entertain a motion for compassionate release until after the defendant has fully exhausted all administrative remedies provided by the Federal

Bureau of Prisons. 18 U.S.C. § 3552(c)(1)(A). The government concedes that defendant has exhausted his administrative remedies.

Compassionate release is authorized if the district court, after considering the factors set forth in 18 U.S.C. § 3553, finds

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g).

18 U.S.C. § 3582(c)(1)(A). Defendant is seeking compassionate release on the basis that extraordinary and compelling reasons warrant a reduction in sentence.

Federal Sentencing Guidelines § 1B1.13(b) defines extraordinary and compelling reasons which may warrant a reduction. Defendant contends that he is entitled to release under the following provisions:

(3) Family Circumstances of the Defendant.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. §§ 1B1.13(b)(3)(B). Defendant contends that his wife has become infirm, is unable to care for herself, and that he is the only available caregiver for his spouse.

Defendant married his current wife in 2023, after the August 2022 offense conduct and conviction in tribal court for the sexual assault. They have been in a relationship since 2018.

Defendant, a relative of the victim, was staying at the victim's home because he was not getting along with his paramour. Defendant was drinking. The victim of the offense was nine years old at the time she was sexually assaulted by the defendant at her home in McLaughlin, South Dakota. She reported that she was age 8 the first time defendant sexually assaulted her. The victim expressed concern prior to sentencing that the defendant "will get to her again." These matters were set forth in the presentence

investigation report to which defendant filed no objections. Defendant's address is McLaughlin, South Dakota. He reported during his presentence interview that he and his wife reside in a home located between Mobridge and Mclaughlin, South Dakota. It has been less than two years since he was sentenced in federal court for the offense.

Defendant "bears the burden to establish that compassionate release is warranted." United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022). The government filed defendant's BOP records pursuant to Standing Order 20-06 and I have reviewed those records. There have been no disciplinary proceedings against defendant. He is currently housed at the Federal Correctional Institution in Forrest City, Arkansas, a low security institution.

Defendant, age 64, contends that he is in good health and can physically and financially care for his 69-year-old wife, who he describes as elderly and aging. Defendant describes himself as financially secure, owns a house on the reservation, and has a job waiting.

The presentence report, to which defendant did not object, states that defendant has not held a job since 2018, and that the home in which his wife resides is owned by her brother. Defendant did not report any significant assets during the presentence interview and filed a financial affidavit in April 2023, following his arrest on the instant federal charge, wherein he stated that he owned no home. He stated in that affidavit that he receives monthly income from land which provided between $17 -$90 monthly income. He stated that he lives with his girlfriend, in her house, and that she pays the bills. In paperwork he submitted in support of his motion for compassionate release defendant stated that he is retired. Defendant's current claims of financial stability are not consistent with prior statements made under oath.

In support of his motion for compassionate release, defendant submitted a letter from his granddaughter wherein she states that "I have never known my grandfather to be a danger to children or even commit an act that he was charged with." Defendant clearly has not accepted responsibility for his crime, both because he submitted a letter clearly

contrary to the fact that he previously admitted to sexually abusing a child by force and because he clearly has not admitted to his family that he did commit such crime.

Defendant also submitted a letter from his wife's Doctor of Optometry stating that defendant's wife, who has not been seen since April 2024, suffers vision loss which will affect her ability to travel, manage her financial affairs, and may result in the need for assistance with cooking. Defendant also submitted a letter from his wife's doctor stating that defendant *is* her caregiver at home. Defendant has not been her caregiver since November 2023, when he was arrested and detained following his guilty plea.

Defendant's false and inconsistent statements about his finances and his wife's condition are misleading and demonstrate that the defendant is playing fast and loose with the Court. Particularly disturbing are the claims that he is not a danger to anyone if released to his home in McLaughlin. He lives near the victim of his crime, who is still a child. He has not undergone sexual offender treatment.

Defendant's wife's medical conditions are not terminal. Living with loss of vision does not require 24-hour care from an in-home caregiver. Many people live in their own homes following even total vision loss with the occasional visit from a home health care visitor. His wife's other medical conditions are not alleged to have any impact on her ability to care for herself.

I have considered the factors set forth in 18 U.S.C. § 3553(a). I find that defendant is not entitled to compassionate release.

## ORDER

IT IS ORDERED that defendant's motion, Doc. 51, for compassionate release is denied.

DATED this 6th day of March, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge